## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**MARION E. HANKINS, PEGGY D.**                                    **PLAINTIFFS**
**HANKINS, and JAMES F. HANKINS**

**v.**                                              **Civil Action No. 3:08-cv-639-CWR-FKB**

**FORD MOTOR COMPANY**                                           **DEFENDANTS**
**and JOHN DOES 1-5**

### ORDER

Pending before the Court is Ford Motor Company's motion for summary judgment on the plaintiffs' punitive damages claim. Docket No. 224. The plaintiffs (together, "Hankins") have responded in opposition, Docket No. 239, and Ford has replied, Docket No. 250.

I.    *Background*

On October 19, 2005, Marion Hankins was involved in a single-vehicle accident on Highway 49 in Yazoo County, Mississippi. The cause of the accident is unknown, but the available evidence indicates that her vehicle, a 2000 Ford Expedition, veered or was steered left, right, and left again, and then rolled several times. Hankins was ejected through the sunroof and suffered severe injuries. She and her family brought suit against Ford alleging that the sunroof was defective and that Ford failed to warn them of the danger it posed, among other theories of liability.

II.    *Arguments*

Ford argues that punitive damages are improper because Hankins lacks clear and convincing evidence that Ford "acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud," as required by Mississippi Code § 11-1-65. Docket No. 225, at 1-3. It contends that the case comes down to a dispute between two experts, and that in such instances punitive damages may not be awarded. *Id.* at 2. Ford claims it complied with all applicable safety regulations and that there is no pattern of previous accidents that put it on notice of the instant defect. *Id.* In the alternative, Ford advances an as-applied challenge to Mississippi's punitive damages and design defect statutes, arguing that if its conduct here warrants punitive damages, then the laws are unconstitutionally vague. *Id.* at 3-14.

Hankins responds by attaching evidence she claims will permit a jury to determine, by the clear and convincing standard, that Ford knew for decades that using laminated glass in the sunroof

would provide occupants greater protection from the risk of ejections in rollover accidents, but instead continued to use tempered glass to save an insignificant amount of money. Docket No. 240, at 4-6, 21. While Ford has argued that Hankins cannot show a pattern of previous accidents, she counters by arguing that Ford conducted no testing to ensure that the sunroof was safe. *Id.* at 22. Hankins cites to other courts she claims have permitted cases with similar facts to proceed on punitive damages. *Id.* at 25-26. She disagrees that the two state statutes are vague. *Id.* at 26-28.

Ford's rebuttal denies that a court has ever let a tempered sunroof glass claim go to the jury on punitive damages. Docket No. 250, at 1. It focuses on evidence that laminated glass can cause serious injuries to occupants in accidents, such that its decision to use tempered instead of laminated glass was not reckless. *Id.* at 4-7. "There were therefore legitimate design tradeoffs with laminated and tempered glass. This absolutely precludes punitive damages." *Id.* at 7.

III.    *Discussion*

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1)-(2). The Court must "view the evidence and draw reasonable inferences in the light most favorable to the non-movant." *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011) (citation omitted).

Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011); *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 228 (5th Cir. 2007). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

In Mississippi, punitive damages may be awarded "as punishment for the defendant's wrongdoings so that others may be deterred from similar offenses." *Gordon v. National States Ins. Co.*, 851 So. 2d 363, 366 (Miss. 2003) (citation omitted). "Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed with caution and within narrow limits." *Warren v. Derivaux*, 996 So. 2d 729, 738 (Miss. 2008) (quotation marks and citation omitted). The state legislature established the following standard for when a plaintiff may seek an award of punitive damages:

> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

Miss. Code § 11-1-65(1)(a).

In considering whether punitive damages are appropriate to place before the jury, a trial court must first examine "[t]he totality of the circumstances and the aggregate conduct of the defendant." *Bradfield v. Schwartz*, 936 So. 2d 931, 937 (Miss. 2006) (quotation marks and citations omitted). The question is whether "a reasonable, hypothetical trier of fact could find either malice[,] gross neglect/reckless disregard," or fraud. *Doe ex rel. Doe v. Salvation Army*, 835 So. 2d 76, 81 (Miss. 2003) (citation omitted).

In this case, there are genuine issues of material fact regarding Ford's knowledge of the dangers in its sunroof system and its response to that knowledge. The Court will hear all the evidence before determining whether the totality of the circumstances supports giving an instruction on punitive damages. Ford's vagueness challenge is also denied for now.

"Of course, the denial of summary judgment on the issue of punitive damages does not foreclose the possibility that the Court might ultimately refuse to submit the question to a jury." *Welch v. Loftus*, 776 F. Supp. 2d 222, 227 (S.D. Miss. 2011) (citation omitted); *see Graves ex rel. W.A.G. v. Toyota Motor Corp.*, No. 2:09-cv-169, 2011 WL 4625606, *4-6 (S.D. Miss. Oct. 3, 2011) ("[T]he court is doubtful that the issue will ultimately go to the jury, but that decision is best left until after the court has heard how the evidence plays out at trial.") (denying summary judgment and setting forth Mississippi's statutory procedure for submitting punitive damages to a jury); *Thompson v. Remington Arms Co.*, No. 5:09-cv-124, 2010 WL 3737869, *5 (S.D. Miss. Sept. 17, 2010).

IV.     *Conclusion*

Ford's motion for summary judgment on the plaintiffs' punitive damages claim [Docket No. 224] is denied.

SO ORDERED, this the 15th day of December, 2011.

                                                  s/ Carlton W. Reeves
                                                  UNITED STATES DISTRICT JUDGE